1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARVIN GLENN HOLLIS,

11          Plaintiff,                    No. 2:08-cv-2674 GEB KJN P

12   vs.

13   PHILLIP SLOAN, et al.,

14          Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with

17   an action filed pursuant to 42 U.S.C. § 1983.  On September 23, 2009, defendants filed a motion

18   to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).  Defendants contend plaintiff

19   raises two claims:  1) that he is not receiving adequate mental health care services; and 2) that,

20   when he was receiving mental health care services, his confidentiality was breached by

21   correctional staff being present during mental health care sessions.  (Dkt. No. 37 at 3.)

22   Defendants move for dismissal on three grounds:  plaintiff's claim concerning inadequate mental

23   health care is barred by a pending class action; the breach of confidentiality claim is moot; and

24   plaintiff's claims against defendants Cummings and Acquaviva are solely based on their

25   involvement in the grievance process.

26   ////

1

1    In his opposition, plaintiff contends defendants have read his amended complaint

2 too narrowly, and argues that because he is proceeding without counsel, the court is required to

3 liberally construe his claims.  Plaintiff argues, inter alia, that he is pursuing retaliation claims

4 under the First Amendment, and that defendants were deliberately indifferent to his serious

5 mental health needs.  Plaintiff also contends discovery is needed to fully articulate his claims.

6                                                    Background

7    Plaintiff suffers from bipolar disorder, which involves the following symptoms:

8 mood swings, depression, and symptoms of exhibitionism.  (Am. Compl. at 10.)  Plaintiff alleges

9 defendants were deliberately indifferent to his serious mental health needs by denying him access

10 to mental health care in violation of the Eighth Amendment.  (Am. Compl. at 7.)  Plaintiff also

11 contends that defendants denied him mental health care in retaliation for his use of the prison

12 grievance procedure, chilling his First Amendment rights.  (Am. Compl. at 7.)  Plaintiff seeks

13 compensatory and punitive damages, and injunctive relief.  Plaintiff also asks the court to place

14 the mental health department into receivership.

15                                                  Legal Standards

16    Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to

17 dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

18 In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the

19 court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551

20 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff.  Jenkins v.

21 McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.

22 1999).  In order to survive dismissal for failure to state a claim, a complaint must contain more

23 than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.

25 Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement

26 [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon

1   which it rests.'" Erickson, 551 U.S. 89 (citations omitted).

2            A motion to dismiss for failure to state a claim should not be granted unless it

3   appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which

4   would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.

5   Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In general, pro se

6   pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner,

7   404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.

8   Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's

9   liberal interpretation of a pro se complaint may not supply essential elements of the claim that

10  were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

11                                              Analysis

12           The court finds defendants have read plaintiff's complaint too narrowly.  Liberally

13  construed, plaintiff is alleging defendants conspired to retaliate against plaintiff and deny him

14  mental health care treatment because he availed himself of the 602 grievance process, thereby

15  chilling his First Amendment rights and violating the Eighth Amendment.

16  Mental Health Care - Request for Injunctive Relief

17           Defendants are correct, however, that plaintiff's mental health care claims for

18  injunctive relief are barred in light of Coleman v. Schwarzenegger, No. 2:90-cv-0520 LKK JFM

19  (E.D. Cal.), a class action suit concerning mental health care in California state prisons.

20           A plaintiff who is a member of a class action for equitable relief from prison

21  conditions may not maintain a separate, individual suit for equitable relief involving the same

22  subject matter of the class action.  See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979);

23  see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for

24  injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought

25  where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.

26  1988) (en banc) ("To allow individual suits would interfere with the orderly administration of the

3

1    class action and risk inconsistent adjudications.").

2           A class action pending in this court, <u>Coleman v. Schwarzenegger</u>, No. 2:90-cv-

3    0520 LKK JFM, involves a constitutional challenge to the adequacy of mental health care

4    provided in the California state prison system.  That is the same subject matter presented by

5    plaintiff's equitable claims in this action.  The class in <u>Coleman</u> is comprised of mentally ill

6    inmates incarcerated in California prisons alleging that prison officials are depriving them of

7    constitutionally required mental health care.  More precisely, the class includes "all inmates with

8    serious mental disorders who are now or who will in the future be confined within the California

9    Department of Corrections. . . ."  <u>See</u> <u>Coleman v. Wilson</u>, 912 F.Supp. 1282, 1293 (E.D. Cal.

10   1995).

11          Plaintiff is a member of the <u>Coleman</u> class and must bring his "claims for

12   equitable relief . . . through the class representative until the class action is over or the consent

13   decree is modified."  <u>McNeil</u>, 945 F.2d at 1166.  <u>See also</u> <u>Crawford</u>, 599 F.2d at 892-93; <u>Frost v.</u>

14   <u>Symington</u>, 197 F.3d 348, 359 (9th Cir. 1999).  Accordingly, defendants' motion to dismiss

15   plaintiff's claims for injunctive relief concerning mental health care should be granted.

16   <u>Deliberate Indifference to Serious Medical Needs</u>

17          Plaintiff claims all defendants were deliberately indifferent to his serious mental

18   health needs because they denied him access to mental health care.

19          Deliberate indifference to a prisoner's serious medical needs violates the Eighth

20   Amendment's proscription against cruel and unusual punishment.  <u>See</u> <u>Estelle v. Gamble</u>, 429

21   U.S. 97, 102-04 (1975).  Prisoners' mental health needs are among the medical needs covered by

22   the Eighth Amendment.  <u>See</u> <u>Doty v. County of Lassen</u>, 37 F.3d 540, 546 (9th Cir. 1994); <u>see</u>

23   <u>also</u> <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements

24   analyzed as part of general health care requirements), <u>abrogated</u> <u>in</u> <u>part</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u>

25   <u>Sandin v. Connor</u>, 515 U.S. 472 (1995).  To prove that the response of prison officials to a

26   prisoner's mental health needs was constitutionally deficient, the prisoner must establish:  (1) a

4

1   serious mental health need; and (2) deliberate indifference to that need by prison officials.  See

2   McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX

3   Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). The subjective

4   prong standard is the same for the mental health needs claim as for a claim involving inmate

5   safety:  a prison official is deliberately indifferent if he knows that a prisoner faces a substantial

6   risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

7   See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

8            Plaintiff alleges a serious mental health need.  The mental health need must be

9   similar to a serious medical need, i.e., such a need exists

10              if the failure to treat a prisoner's condition could result in further
                significant injury or the "unnecessary and wanton infliction of
11              pain."  The "routine discomfort" that results from incarceration and
                which is "part of the penalty that criminal offenders pay for their
12              offenses against society" does not constitute a "serious" medical
                need.
13

14   Doty, 37 F.3d at 546 (citations omitted).  Here, plaintiff contends he suffers from multiple

15   symptoms associated with bipolar disorder.  These allegations are sufficient to plead a serious

16   medical need.

17            Plaintiff also alleges deliberate indifference by defendants based on his allegations

18   that they were aware of his need for mental health treatment, yet denied his access to the

19   treatment.  These allegations are sufficient to state a claim for deliberate indifference to

20   plaintiff's serious medical needs in violation of the Eighth Amendment.  Accordingly,

21   defendants' motion to dismiss plaintiff's Eighth Amendment claims for damages should be

22   denied.

23   Retaliation

24            Defendants have failed to address the broad issue of retaliation as to the alleged

25   denial of mental health care treatment generally and thus are not entitled to dismissal of

26   plaintiff's retaliation claims.  Defendants contend that plaintiff's claims against Cummings and

1   Acquaviva should be dismissed because their involvement is predicated on their roles in the

2   inmate grievance process, which is not a constitutionally protected claim.  Mann v. Adams, 855

3   F.2d 639, 640 (9th Cir. 1988).  Defendants argue that Cummings and Acquaviva simply ratified

4   the decisions of mental health care staff in denying plaintiff mental health care services.

5   However, a close reading of plaintiff's complaint reveals that plaintiff alleges these defendants

6   also acted for retaliatory purposes in denying plaintiff access to mental health care.  Plaintiff

7   alleges he wrote to defendants, including Cummings and Acquaviva, regarding his bipolar

8   disorder symptoms and requested mental health care treatment, but received no response.  (Am.

9   Compl., ¶ 24.)  Plaintiff also alleges that all defendants collectively conspired to deny plaintiff

10  mental health treatment in retaliation.  (Am. Compl., ¶¶ 29, 44, 47, 57.)  These allegations state a

11  cognizable civil rights claim.  Thus, defendants' motion to dismiss defendants Cummings and

12  Acquaviva should also be denied.

13  Injunctive Relief on Retaliation Claims

14          Plaintiff asks the court to enter a preliminary and permanent injunction which

15  prohibits and requires defendants to stop retaliating against plaintiff.  (Am. Compl. at 5.)

16  However, plaintiff's claims are raised against defendants who are employed at High Desert State

17  Prison.  Plaintiff has since been transferred, and is presently housed at California State Prison -

18  Corcoran.

19          To obtain a preliminary injunction, the moving party must show "that he is likely

20  to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

21  relief, that the balance of equities tips in his favor, and that an injunction is in the public

22  interest."  Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008).  The

23  moving party has the burden of proof on each element of the test.  Environmental Council of

24  Sacramento v. Slater, 184 F.Supp.2d 1016, 1027 (E.D. Cal. 2000).

25          As a general rule this court is unable to issue an order against individuals who are

26  not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.

6

1 | 100 (1969).[1]

2 |        Because plaintiff is no longer housed at High Desert State Prison, plaintiff cannot

3 | demonstrate irreparable harm.  Thus, plaintiff's claim for injunctive relief against defendants at

4 | High Desert State Prison, based on his retaliation claims, should be denied.

5 | <u>Breach of Mental Health Confidentiality</u>

6 |        Plaintiff also alleges that defendants violated his Eighth Amendment rights when

7 | correctional staff were present during group mental health sessions or appointments.  (Am.

8 | Compl. at 8.)  Defendants argue that this claim is moot because plaintiff was subsequently

9 | removed from the Correctional Clinical Case Management System.  (Mot. at 4.)  Defendants

10 | argue that plaintiff cannot seek injunctive relief on this claim because it is moot.

11 |        Because plaintiff is no longer housed at High Desert State Prison, plaintiff may no

12 | longer seek injunctive relief on this claim.  <u>Zenith Radio Corp.</u>, <u>supra</u>.  However, plaintiff also

13 | seeks damages.  Thus, plaintiff can pursue damages for the alleged breach of mental health

14 | confidentiality during his incarceration at High Desert.  Plaintiff's injunctive relief claim should

15 | be denied; but his request for damages on this claim should proceed.

16 | Conclusion

17 |        Accordingly, IT IS HEREBY RECOMMENDED that:

18 |        1.  Defendants' September 23, 2009 motion to dismiss (Dkt. No. 37) be partially

19 | granted;

20 |        2.  Defendants' motion to dismiss plaintiff's Eighth Amendment claims for

21 | injunctive relief, and request to appoint a receiver, be granted;

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  <u>Plum Creek Lumber Company v. Hutton</u>, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation.  <u>United States v. New York Telephone Co.</u>, 434 U.S. 159, 174 (1977).

1    3.  Defendants' motion to dismiss plaintiff's Eighth Amendment claims be denied.

2    4.  Defendants' motion to dismiss defendants Cummings and Acquaviva be

3    denied.

4    5.  Plaintiff's claim for injunctive relief against defendants at High Desert State

5    Prison, based on his retaliation claims, be denied.

6    6.  This action should proceed on plaintiff's Eighth Amendment claims for

7    damages, including his claim for damages based on the alleged breach of mental health

8    confidentiality, and plaintiff's retaliation claims, as set forth above.

9    These findings and recommendations are submitted to the United States District

10   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

11   one days after being served with these findings and recommendations, any party may file written

12   objections with the court and serve a copy on all parties.  Such a document should be captioned

13   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14   objections shall be filed and served within fourteen days after service of the objections.  The

15   parties are advised that failure to file objections within the specified time may waive the right to

16   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   DATED:  July 27, 2010

18

19

20

21   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

22

23   holl2674.mtd

24

25

26

8