IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

        Plaintiff,                        No. 2:08-cv-2674 GEB KJN P

    vs.

PHILLIP SLOAN, et al.,

        Defendants.             <u>ORDER</u>

/

        Plaintiff, a state prisoner proceeding without counsel and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983, moves for appointment of an expert witness under Federal Rule of Evidence 706. (Dkt. No. 49.)

        Pursuant to his Amended Complaint filed March 20, 2009 (Dkt. No. 13), and following this court's partial grant of defendants' motion to dismiss (Dkt. Nos. 51, 52), this action proceeds on plaintiff's claims that defendants conspired to deny him mental health care in retaliation for plaintiff availing himself of the administrative grievance process, thus violating plaintiff's rights under the First and Eighth Amendments.

        In the present motion, plaintiff requests the appointment of "Dr. Craig Haney, a professor of psychology at the University of California, Santa Cruz, who has studied the psychological effects of living and working in institutional environments for 35 years," or

1

another expert "who is fair and impartial." (Dkt. No. 49, at 2.)  Plaintiff contends that he "need[s] the opinion of a competent mental health expert . . . at the appropriate time to aid plaintiff in [the] advancement of [this] litigation," in order to prove that defendants "did not observe the standards of care" nor "act reasonabl[y]" in responding to plaintiff's serious mental health need for treatment of his bipolar disorder, which includes symptoms of "mood swings, depression, and . . . exhibitionism." (Id. at 1, 2, 4.)  Plaintiff also seeks to demonstrate the negative effects of administrative segregation on his mental condition.

The district court has discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, which reads, in part:  "The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed. . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) ("district court . . . has the discretion to appoint an expert sua sponte under Federal Rule of Evidence 706(a)").  Pursuant to Rule 702, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . ." Fed. R. Evid. 702.

However, "[r]easonably construed, Rule 706 does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." Gamez v. Gonzalez, 2010 WL 2228427, *1 (E.D. Cal. June 3, 2010) (internal quotations, punctuation and citations omitted).  Rather, the principal purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate.  As such, district courts have authority to appoint neutral expert witnesses sua sponte, whether or not either party agrees, and may assess the cost of the expert as the court deems appropriate. Students of California School for the Blind v. Honig, 736 F.2d 538, 549 (9th Cir. 1984) (citing Fed. R. Evid. 706), vacated on other grounds, 471 U.S. 148 (1985).

The in forma pauperis statute, 28 U.S.C. § 1915, does not alter these basic principals.  The statute "does not waive payment of fees or expenses for witnesses." Dixon v.

1  <u>Ylst</u>, 990 F.2d 478, 480 (9th Cir. 1993).  More specifically, "[t]he plain language of section 1915
2  does not provide for the appointment of expert witnesses to aid an indigent litigant."  <u>Pedraza v.</u>
3  <u>Jones</u>, 71 F.3d 194, 196 (5th Cir. 1995); <u>accord</u>, <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 474 (3d
4  Cir. 1987), <u>cert</u>. <u>denied</u>, 485 U.S. 991 (1988) (district court has no authority under section 1915
5  to pay or waive expert witness fees in civil damage suits).
6      Here, plaintiff requests appointment and payment of an expert witness to serve as
7  his advocate in this action.  Because there is no authority for granting this request, the motion
8  will be denied.  However, this decision will not impact the court's later consideration whether to
9  appoint a neutral psychological expert if so indicated.
10     Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that
11 plaintiff's motion for appointment of an expert witness (Dkt. No. 49) is denied.
12     SO ORDERED.
13 DATED:  October 15, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

holl2674.appt.exprt.

3