IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

      Plaintiff,                      No. 2:08-cv-2674 GEB KJN P

   vs.

PHILLIP SLOAN, et al.,              <u>ORDER</u>

      Defendants.

_____/

        Plaintiff is a state prisoner proceeding without counsel. Defendants have filed a motion to declare plaintiff a "vexatious litigant," pursuant to Local Rule 151(b), which would require plaintiff to post security before this action may proceed. Local Rule 151(b) provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

Local Rule 151(b). "Vexatious litigant" is defined as:

> (b) "Vexatious litigant" means a person who does any of the following:

1

>(1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
>
>(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
>
>(3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay.
>
>(4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

Cal. Code Civ. Proc. § 391(b). Section 391.1 governs a motion for order requiring security and sets forth the grounds required to obtain such an order:

>In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant.

Cal. Code Civ. Proc. § 391.1.

The Ninth Circuit counsels caution in declaring plaintiffs "vexatious," explaining that "orders restricting a person's access to the courts must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived." DeLong v. Hennessey, 912 F.2d 1144, 1149 (9th Cir. 1990). Strictly speaking, plaintiff brought at least five unsuccessful lawsuits in the seven years prior to the filing of his original complaint in this

////

action.[1]  However, based on defendants' motion, this court cannot say that plaintiff's filings have been so "numerous or abusive" or "inordinate" to warrant a "vexatious litigant" order.  Id. at 1147-48 (examples of "numerous or abusive" filings include plaintiffs who have filed 35 related complaints, more than 50 frivolous cases, or more than 600 complaints).  Nor can this court say that plaintiff's litigation activity reflects a "pattern of harassment."  Id. at 1140.

Moreover, it is not clear that plaintiff has no reasonable probability of succeeding on the merits of this case, something which must be shown before plaintiff can be declared "vexatious."  Accord, Hollis v. Dezember, 2010 WL 4220535 (E.D. Cal. 2010) (denying defendants' motion to declare plaintiff a "vexatious litigant" because the court could not determine at that juncture that there was no reasonable probability that plaintiff would not prevail against any defendant); Hollis v. Gorby, 2011 WL 2924322 (E.D. Cal. 2011) (same).  In fact, on September 30, 2010, plaintiff's claims survived defendants' motion to dismiss.  (Dkt. No. 52.)

In his opposition to the present motion, plaintiff asserts that his amended complaint states claims for denial of mental health treatment and retaliation, but states that it does "not make any claims . . . that my 8th Amendment rights [were] violated because staff breached my confidentiality [,] [a]lthough the court construed the complaint that I did."  (Dkt. No. 60 at 2.)  Plaintiff offers to "stipulate to revoke the construed 8th Amendment claim related to staff breach of confidentiality and ask that it be dismissed."  (Id.)  Defendants reply that plaintiff's offer "demonstrates that plaintiff is either maliciously filing claims that he never intended to litigate in the first place, or that plaintiff is being untruthful in an attempt to avoid being declared vexatious."  (Dkt. No. 61 at 2.)  Defendants note that plaintiff served interrogatories on defendant Murray regarding the confidentiality of plaintiff's mental health
////
////

---

[1]  Based on court records identified by defendants, the court takes judicial notice of this fact pursuant to Federal Rule of Evidence 201.

screening on November 9, 2007,[2] wherein he sought to ascertain how many CDCR officers were present at the screening. (Dkt. No. 61 at 2.) Defendants argue that this discovery mirrors plaintiff's claim in the amended complaint that CDCR staff were allowed to be present during the November 9, 2007 appointment. (Id., citing Dkt. No. 13 at 8.)

This court does not find plaintiff's position malicious or untruthful. Although plaintiff did not include the terms "breach of confidentiality" in his amended complaint, the court liberally construed, as it must, plaintiff's Eighth Amendment allegations to include a breach of confidentiality claim. The fact that plaintiff thereafter propounded discovery on this issue does not mean that plaintiff's subsequent request to dismiss the claim demonstrates maliciousness or untruthfulness. It is just as likely that plaintiff reviewed his claims and decided, perhaps after receiving discovery responses, that his breach of confidentiality claim may lack merit or, equally plausible, that plaintiff is merely proposing a compromise to foreclose a finding that he is vexatious. Under these circumstances, the court will not authorize dismissal of plaintiff's breach of confidentiality claim. However, as indicated by plaintiff, the parties may file a stipulation to have that claim dismissed.

The breach of confidentiality claim is just one of the claims that survived defendants' motion to dismiss. As previously determined by the court, "[t]his action shall proceed on plaintiff's Eighth Amendment claims for damages, including his claim for damages based on the alleged breach of mental health confidentiality, and plaintiff's retaliation claims . . . ." (Dkt. No. 52 at 2.) Defendants fail to identify anything in plaintiff's amended complaint which would compel the court to reconsider that ruling. At this juncture, the court cannot determine that there is no reasonable probability that plaintiff will prevail on any of these claims against any defendant. Indeed, the deadline for filing dispositive motions expired on July 15, 2011, and defendants did not file a motion for summary judgment.

---

[2] Defendants refer to the date November 9, 2011, but this appears to be a typographical error. (Dkt. No. 61 at 2.)

1    In accordance with the above, IT IS HEREBY ORDERED that defendants' March
2 14, 2011 motion (Dkt. No. 57), to declare plaintiff a vexatious litigant, is denied without
3 prejudice.
4 DATED: November 16, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

holl2674.vex