IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

      Plaintiff,                     No. 2:08-cv-2674 GEB KJN P

   vs.

PHILLIP SLOAN, et al.,

      Defendants.          <u>ORDER</u>

                                       /

          Plaintiff has filed two motions to "terminate or limit" his deposition scheduled for March 1, 2012. (<u>See</u> Dkt. Nos. 75 (filed Feb. 22, 2012); and 77 (filed Feb. 28, 2012)). These matters were brought to the attention of the undersigned on March 1, 2012. Plaintiff's motion, made pursuant to Federal Rule of Civil Procedure 30(d)(3), seeks to prevent defendants from asking deposition questions that may "annoy" or "embarrass" plaintiff "regarding some of the contents in the amended complaint," as well as plaintiff's "multiple unpredictable mental health problems," and conduct that plaintiff would prefer remains confidential, particularly from custodial officers whose presence will be required at the deposition. (Dkt. Nos. 75, 77.)

          Federal Rule of Civil Procedure 30(d)(3)(A) authorizes a deponent to "move to terminate or limit" a deposition in progress "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

Before a deposition begins, the deponent may move for a protective order under Federal Rule of Civil Procedure 26(c), "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The relevant standard for purposes of Rule 26(c), is whether "good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (citation and internal punctuation omitted).

Plaintiff is generally informed that the right to commence an action, in the public forum of a court, carries with it the necessity and responsibility of disclosing information that one may prefer to keep confidential. In order to establish good cause for issuance of a protective order, the party seeking protection bears the burden of demonstrating that specific prejudice or harm will result if no protective order is granted. See San Jose Mercury News, Inc. v. United States Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where good cause is shown."); Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir.1992) (broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy Rule 26(c). Only if a court finds a risk of particularized harm as a result of disclosing information that is, to date, private, will it balance the public and private interests to decide whether a protective order is necessary. Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3rd Cir. 1995).

////
////
////
////
///
////

1    Pursuant to these considerations, defense counsel is directed to file and serve,
2 within seven days after the filing date of this order, a statement indicating whether plaintiff's
3 deposition took place on March 1, 2012.  If the deposition remains pending, counsel shall so
4 inform the court, and indicate whether it is reasonable to accommodate any of plaintiff's
5 concerns.  If the deposition remains pending, plaintiff may file and serve a response within seven
6 days after service of defendants' statement.

7 DATED: March 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

holl2674.pltf.depo.