1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARVIN GLENN HOLLIS,

11            Plaintiff,                    No. 2:08-cv-2674 GEB KJN P

12        vs.

13   PHILLIP SLOAN, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16            On March 2, 2012, this court directed defendants to respond to plaintiff's motions

17   to "terminate or limit" his deposition scheduled for March 1, 2012.  (Dkt. Nos. 75, 77, 80.)

18   Plaintiff's motions, brought pursuant to Federal Rule of Civil Procedure 30(d)(3), seek to prevent

19   defendants from asking plaintiff questions that may embarrass him, particularly in front of

20   correctional officers whose presence may be required at the deposition.

21            Defendants timely responded to the court's order (Dkt. Nos. 82, 83), and plaintiff

22   filed a reply (Dkt. No. 87).  These filings indicate that plaintiff's deposition was commenced on

23   March 1, 2012, but quickly drawn to a close after plaintiff stated he would not proceed until the

24   court ruled on his motion to limit or terminate.  (<u>See</u> Dkt. No. 83 (Depo. Transcript).)  Plaintiff

25   now states that his primary concern is that correctional officers may hear the deposition; plaintiff

26   does not seek to limit the questioning itself.  Deputy Attorney General M. Kubicek states that

1  correctional officers need not be present during the deposition of a prisoner at California State

2  Prison-Sacramento ("CSP-SAC").[1]

3          Federal Rule of Civil Procedure 30(d)(3)(A) authorizes a deponent to "move to

4  terminate or limit" a deposition in progress "on the ground that it is being conducted in bad faith

5  or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."

6  See also Fed. R. Civ. P. 26(c) (deponent may move for a protective order before a deposition

7  begins, for protection "from annoyance, embarrassment, oppression, or undue burden or

8  expense"); Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (court must

9  balance the need for discovery against the need for confidentiality").

10          The court is persuaded that plaintiff believes he may be put at risk if correctional

11  officers hear his answers to questions that defendants may pose at deposition.  For this reason,

12  the court will order that defendants affirmatively arrange for plaintiff's deposition to be taken in

13  a setting at CSP-SAC that precludes correctional officers, or any other individuals not directly

14  involved in the deposition, from hearing any deposition questions or answers.  The court will not

15  limit the content of defendants' questions other than that accorded by Federal Rule of Civil

16  Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is

17  relevant to any party's claim or defense -- including the existence, description, nature, custody,

18  condition, and location of any documents or other tangible things and the identify and location of

---

[1]  Defendants' counsel states:

Plaintiff's claim that correctional officers are present during the deposition is not
true.  I have taken several depositions at CSP-SAC. Inmate deponents are kept in
a holding cage during the deposition, which obviates the need for correctional
staff to be present.  The depositions take place in small rooms in the visiting area
of one of the facilities.  The rooms are very small, containing a holding cage for
the inmate, three chairs for the court reporter and counsel, and a mall table.  The
rooms have a large window, which allows correctional officers, who are stationed
at a desk approximately twenty-five feet away, to see inside.  The rooms also have
doors, which prevent officers from overhearing the deposition, but I have taken
depositions with the door open, and I do not believe the correctional officers could
hear the deposition on those occasions.

(Dkt. No. 82-1 at 2 (Kubicek Decl.).)

1   persons who know of any discoverable matter").

2          To accommodate the scheduling of plaintiff's renewed deposition, and any related

3   discovery, the deadline for discovery will be extended.

4          For the foregoing reasons, IT IS HEREBY ORDERED that:

5          1.  Plaintiff's motions to "terminate or limit" his deposition (Dkt. Nos. 75, 77), are

6   granted in part:

7          2.  Defendants shall, within thirty days after the filing date of this order,

8   reschedule plaintiff's deposition at CSP-SAC court, with arrangements that the deposition be

9   taken in a setting that is acoustically private; while CSP-SAC correctional officers may observe

10  the deposition through soundproof glass, they may not be permitted to listen to any part of the

11  deposition;

12         3.  The discovery deadline is extended, from March 2, 2012 (see Dkt. No. 67), to

13  June 11, 2012;[2]

14         4.  The deadline for filing dispositive motions in this action (currently May 4,

15  2012), is vacated pending further order of this court;

16         5.  Plaintiff's request for an extension of time (Dkt. No. 84), is denied as moot.

17         6.  Plaintiff's motion to consolidate this action (Dkt. No. 86), with a settlement

18  conference in another of plaintiff's actions, is also denied as moot.[3]

19  DATED:  March 20, 2012

20

21                                    _____

22                                    KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

23  holl2674.depo.eot.

24  _____

25     [2]  This deadline coincides with the end of the ninety-day period for staying discovery as to
    defendant Dennis.  (See Dkt. No. 85.)

26     [3]  Plaintiff's action in Hollis v. High Desert State Prison, Case No. 2:08-cv-02810 GEB
    KJN P, settled on March 15, 2012.