IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

      Plaintiff,                          No. 2:08-cv-2674 GEB KJN P

   vs.

PHILLIP SLOAN, et al.,

      Defendants.               ORDER

_____/

       On April 19, 2012, the undersigned issued an order (Dkt. No. 97), which is hereby vacated. The following rulings shall apply to the pending matters.

       On March 22, 2012, plaintiff filed a motion for partial summary judgment, together with a request that the motion be deemed filed on the date plaintiff allegedly submitted it to prison officials for mailing,[1] viz., January 9, 2012. (Dkt. Nos. 90, 91.) Due to an apparent error in the Litigation Office at plaintiff's place of incarceration, California State Prison-Sacramento ("CSP-SAC"), the filing of plaintiff's motion for partial summary judgment was

---

[1] See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (holding that "the mailbox rule" established in Houston v. Lack, 487 U.S. 266, 276 (1988), applies to Section 1983 suits filed by pro se prisoners, and thus that the "filing date" of a court document is the date plaintiff delivers the document to prison authorities for purposes of forwarding it to the court clerk).

delayed.[2] On April 13, 2012 (docketed on April 18, 2012), plaintiff filed a second motion for partial summary judgment (Dkt. No. 93), together with related documents in support thereof (Dkt. Nos. 95, 96), which appear to duplicate and expand on plaintiff's March 22, 2012 motion (Dkt. No. 90).

Meanwhile, on March 21, 2012, the court extended the discovery deadline in this case to June 11, 2012, and vacated the dispositive motion deadline, to permit defendants an adequate opportunity to depose plaintiff and to obtain related discovery, and due to the unavailability of one defendant. (Dkt. No. 89.) While plaintiff was necessarily unaware of these scheduling changes when he filed his March 22, 2012 motion, he should have been aware of the changes when he filed his April 13, 2012 motion.

In response to plaintiff's initial motion for partial summary judgment, defendants move for a sixty-day extension of time within which to file their opposition, and inform the court that plaintiff's renewed deposition is now scheduled for April 20, 2012. (Dkt. No. 92.) Defendants have not responded to the filing of plaintiff's second motion for partial summary judgment.

Although discovery is still proceeding in this action, it appears that plaintiff has made a deliberate choice to proceed at this time on his second-filed motion for partial summary judgment and supporting documents. (Dkt. Nos. 93, 95, 96.) Therefore, the court will deny without prejudice plaintiff's first-filed motion for partial summary judgment (Dkt. No. 90), and deny as moot plaintiff's related procedural motions. Plaintiff may proceed on his second-filed motion for partial summary judgment and supporting documents. Defendants' request for an

---

[2] The court was recently informed by the CSP-SAC Warden that a separate matter plaintiff submitted to prison officials on December 26, 2011, a "Request to Order Prison Officials to Photocopy Legal Documents and to Provide Writing Paper," was not filed with the court until April 17, 2012 (now set forth at Dkt. No. 94). However, that motion -- which sought to compel prison officials to photocopy plaintiff's motion for partial summary judgment, and to regularly provide writing paper -- now appears to be moot. Moreover, the failure of prison officials to timely forward this request to the court does not appear to explain the untimely processing of plaintiff's motion for partial summary judgment.

extended period within which to file their opposition is granted. Any further dispositive motions shall be filed on or before July 20, 2012.

    Accordingly, IT IS HEREBY ORDERED that:

    1. The order filed April 19, 2012 (Dkt. No. 97), is vacated.

    2. The deadline for filing dispositive motions in this action is hereby set for Friday, July 20, 2012, and shall be governed by the time limitations set forth in Local Rule 230(*l*).

    3. The deadline for conducting discovery shall remain Monday, June 11, 2012.[3]

    4. Plaintiff's first-filed motion for partial summary judgment, filed March 22, 2012 (Dkt. No. 90), is denied without prejudice.

    5. Plaintiff's motion to deem the filing date of his first-filed motion for partial summary judgment as the date he submitted the motion to prison officials (Dkt. No. 91), is denied as moot.

    6. Plaintiff's motion, entitled a "Request to Order Prison Officials to Photocopy Legal Documents and to Provide Writing Paper," submitted to prison officials on December 26, 2011, and filed with the court on April 17, 2012 (Dkt. No. 94 (see n.1, supra)), is denied as moot, and without prejudice.

    7. Plaintiff's second-filed motion for partial summary judgment, filed April 13, 2012 (Dkt. No. 93), shall proceed on the merits.

////
////
////
////

---

[3] June 11, 2012, remains the end of the ninety-day period for staying discovery as to defendant Dennis, and for defendants to inform the court of Mr. Dennis' health status. (See Dkt. No. 85.) The court will then consider whether Mr. Dennis' status requires additional time for limited discovery and the filing of dispositive motions.

8. Defendant's motion for an extension of time (Dkt. No. 92) is granted; defendants shall file and serve their opposition to plaintiff's operative motion for partial summary judgment (Dkt. No. 93), within sixty (60) days after the filing date of this order; plaintiff may file and serve a reply within twenty-one (21) days after service of the opposition.

SO ORDERED.

DATED: April 23, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

holl2674.misc.apr.2012.