IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN GLENN HOLLIS,

    Plaintiff,                      No. 2:08-cv-2674 GEB KJN P

   vs.

PHILLIP SLOAN, et al.,               ORDER

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's Amended Complaint filed March 20, 2009 (Dkt. No. 13), pursuant to which plaintiff alleges that he has bipolar disorder which involves symptoms of mood swings, depression, and exhibitionism.  Plaintiff alleges that defendants were deliberately indifferent to his serious mental health needs by denying him access to mental health care, and that such denial was motivated in part by retaliation against plaintiff for using the prison grievance procedure.

        Presently pending are plaintiff's motions to strike defendants' evidence, to appoint a neutral expert witness, and to appoint counsel.  Also pending are plaintiff's motion for partial summary judgment (Dkt. No. 93), and defendants' cross-motion for summary judgment (Dkt. No. 110).  The court has suspended final briefing on these dispositive matters in order to address

1

plaintiff's instant motions.  (See Dkt. No. 118 at 2.)  For the reasons that follow, the court denies plaintiff's motion to strike; denies without prejudice plaintiff's motion to appoint a neutral expert witness; and grants plaintiff's motion to appoint counsel.  The deadline for plaintiff to file an opposition to defendants' cross-motion for summary judgment shall remain suspended until further order of this court.

        I.  <u>Plaintiff's Motion to Strike Defendants' Evidence</u>

            Plaintiff moves to strike some of the evidence relied upon by defendants in support of their cross-motion for summary judgment.  Specifically, plaintiff moves to strike the transcript of his May 18, 2012 deposition, the declarations filed by defendants, and the declaration and exhibits of defendants' expert witness, psychiatrist Dr. M. Rajappa.

            On a motion for summary judgment, the moving party bears the responsibility for informing the court of the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," which the moving party believes demonstrate the absence of a genuine issue of material fact.  Fed. R. Civ. P. 56(c)(1); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Evidence, regardless of form, that may later be admissible at trial, may be considered on summary judgment.  <u>Id.</u> at 1120.  This rule is because, at trial, "when a party raises valid evidentiary objections, the opposing party will have an opportunity to present the evidence in an alternative and admissible form." <u>Id.</u> at 1122.   In general, a non-moving party's "objections to evidence . . . [as] irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself."  <u>Burch v. Regents of the University of California</u>, 433 F. Supp. 2d 1110, 1122 (E.D. Cal. 2006).  Thus, a motion to strike evidence submitted in support of, or opposition to, a motion for summary judgment, is generally viewed with disfavor.  "If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for

adjudication on the merits." Dawe v. Corrections USA, 2010 WL 682321, *7 (E.D. Cal. 2010), citing 5A Wright & Miller, Federal Practice and Procedure: Civil 2d §1380.

### A.  Plaintiff's Deposition Transcript

Plaintiff moves to strike the transcript of his May 18, 2012 deposition, and the excerpts of the transcript relied upon by defendants pursuant to the pending dispositive motions. (See Dkt. No. 111 (Lodged Transcript); Dkt. No. 112 (Exh. A) (transcript excerpts).)  Plaintiff's objections are premised on the assertion, apparently correct, that defendants submitted and relied upon the transcript prior to plaintiff being accorded an opportunity to review the transcript and make corrections.

Federal Rule of Civil Procedure 30 provides that, upon request made before completion of a deposition, the deponent must be allowed thirty days after the deposition transcript is completed to review the transcript and sign a statement listing any changes.[1] Thereafter, the court reporter must note in the certificate prescribed by Rule 30(f)(1),[2] whether a

---

[1]  Federal Rule of Civil Procedure 30(e) ("Depositions by Oral Examination") provides:

(e) Review by the Witness; Changes.

(1) Review; Statement of Changes.  On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

    (A)    to review the transcript or recording; and
    (B)    if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate.  The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

[2]  Federal Rule of Civil Procedure 30(f)(1) provides in pertinent part:

(f) Certification and Delivery; Exhibits; Copies of the Transcript or Recording; Filing.

(1) Certification and Delivery.  The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The

review was requested and, if so, attach a copy of any changes made by the deponent.

In the instant case, it appears that, despite plaintiff's timely request to review his deposition transcript, the reporter certified the transcript on May 29, 2012, prior to according plaintiff the opportunity to conduct such review, then provided defendants with a copy of the certified transcript prior to sending a copy to plaintiff.

Plaintiff declares, under penalty of perjury, that he informed the court reporter during the course of his May 18, 2012 deposition that he wanted to review the transcript to make any necessary changes. (Dkt. No. 124 at 7.) Plaintiff states that he did not become aware that the transcript had been prepared until served with defendants' June 20, 2012 request to the court for additional time to file an opposition to plaintiff's motion for partial summary judgment, on the ground that they had "only recently received the deposition transcript." (Dkt. No. 108; Dkt. No. 123 at 4.) Plaintiff states that he was not otherwise notified about the availability of the transcript until, on July 20, 2012, defendants lodged the full transcript with the court, and filed portions of the unedited transcript in support of the pending dispositive motions, such transcript designated "certified." (Dkt. No. 124 at 4-5; Dkt. Nos. 110, 111, 112-1.) Review of the court reporter's signed certification, dated May 29, 2012, demonstrates that she left blank the form "boxes" indicating whether review of the transcript had been requested. (Dkt. No. 112-1 at 18.)

Plaintiff states that, thereafter, "[i]n a good faith effort to resolve the issue, [he] wrote defendants a letter notifying them that [he] had not been able to review the deposition transcript." (Dkt. No. 124 at 5.) Defendants' counsel states that she received plaintiff's letter on August 2, 2012, and responded by requesting the court reporting company ("Sarnoff") to send plaintiff a copy of the transcript for his review. (Dkt. No. 123-1 at 1.) On August 3, 2012, a

---

certificate must accompany the record of the deposition. Unless the court orders otherwise, the officer must seal the deposition in an envelope or package bearing the title of the action and marked "Deposition of [witness's name]" and must promptly send it to the attorney who arranged for the transcript or recording. The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration.

4

representative of Sarnoff sent plaintiff a "condensed copy" of the deposition transcript (four reduced transcript pages on each printed page), and a letter informing plaintiff that he had thirty days to make any corrections.[3] (Dkt. No. 123-2 at 2.) It appears that plaintiff did not respond to the Sarnoff letter or submit any corrections; rather, on August 8, 2012, plaintiff filed and served the instant motion to strike. (Dkt. Nos. 115, 116 at 17 (certificate of service).)

Defendants' counsel states that, on September 20, 2012, having received no changes to the deposition transcript from plaintiff or Sarnoff, counsel telephoned Sarnoff and was informed that plaintiff had sent them no corrections within the belated thirty-day period. (Kim Decl. (Dkt. No. 123-1 at 2).) Defendants thereafter filed their opposition to plaintiff's motion to strike.

Plaintiff moves to strike his deposition transcript on the ground that it was improperly certified without plaintiff being accorded the opportunity to make corrections.[4] Plaintiff asserts that he did not receive a copy of his deposition transcript "prior to defendants[']

---

[3] The August 3, 2012 letter from Sarnoff representative Stacie Magdaleno to plaintiff provides in full (Dkt. No. 123-2 at 2) (original emphasis):

Dear Mr. Hollis:

Pursuant to instructions from counsel, enclosed please find a condensed copy of your original deposition transcript for reading, correction and signing within **30 days** from the date of this letter.

When reading your deposition, you may make changes to your answers using the errata sheet. Should you make any corrections to your answers, please sign and date the errata sheet.

Additionally, after reviewing your deposition, please date and sign the penalty of perjury page. Thereafter, the signed deposition is to be returned to SARNOFF within 30 days in the enclosed envelop.

If you have any question, please contact us at [telephone number omitted].

[4] Plaintiff also asserts, correctly, that the transcript bears the wrong case number, identifying Case No. 2:08-cv-20675, rather than the correct designation, Case No. 2:08-cv-02674. However, review of the remainder of the transcript cover sheet (see Dkt. No. 112-1) demonstrates that it otherwise identifies the instant action. The court finds the transposition of numbers identifying this case an insufficient basis for striking the transcript.

5

use of it," and that, after defense counsel received plaintiff's letter, "[i]nstead of notifying the court, defendants went ahead and allowed the deposition transcript to stand as filed with the court." (Dkt. No. 124 at 6, 5.)

Defendants concede that "the court reporter did not immediately notify [plaintiff] regarding the availability of his transcript" (Dkt. No. 123 at 3), but oppose plaintiff's motion to strike on the grounds that: (1) Rule 30(e) does not provide a time limit for requiring such notice; (2) nevertheless, commencing August 2, 2012, plaintiff received notice and a thirty-day period to review his deposition transcript; and (3) notwithstanding this opportunity, plaintiff failed to send the court reporter (or defense counsel or the court) any corrections. Defendants further assert that plaintiff is not prejudiced by the court's review and consideration of the transcript.[5]

It is significant that, to date, plaintiff has not identified any alleged errors or inaccuracies in his deposition transcript. Rather, plaintiff's argument is limited to procedural irregularities which, he asserts, renders the transcript "defective." (Dkt. No. 115 at 2; Dkt. No. 124 at 2.) Plaintiff's procedural arguments are not persuasive. Defendants are correct that Federal Rule of Civil Procedure 30(e) fails to establish a period of time in which the court reporter must notify the deponent that the transcript is available for review. See Fed. R. Civ. P. 30(e)(1). Additionally, although plaintiff should have been provided with the required notification and opportunity to review the transcript prior to the reporter sending defense counsel a copy of the transcript, and before the transcript was designated "certified," plaintiff was subsequently accorded the opportunity to make corrections, but declined to so, instead filing the

---

[5] The court need not reach defendants' alternative contention that plaintiff's motion to strike was untimely filed because not "promptly" filed after plaintiff initially received notification that the transcript was available, citing Federal Rule of Civil Procedure 32(d)(4) ("An objection to how the officer transcribed the testimony -- or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition -- is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known."). Defendants argue that plaintiff was dilatory in waiting until August 8, 2012 to file his motion to strike, because notified by service of defendants' June 20, 2012 court filing that the transcript was available for review. Because the court resolves plaintiff's motion on the merits, the court need not ascertain whether it was filed "promptly."

instant motion. Defendants nevertheless waited the thirty-day period, and confirmed with Sarnoff that no corrections had been made, before filing their opposition to plaintiff's motion to strike. Even now before this court, and in his reply to defendants' opposition, plaintiff fails to identify any alleged errors or inaccuracies in the transcript.

In the absence of any showing of prejudice, the court finds no basis for striking plaintiff's deposition transcript. Therefore, plaintiff's motion to strike his transcript is denied. However, the court will accord plaintiff an opportunity to file and serve a list of any corrections to the transcript which he believes are warranted, in tandem with filing his opposition to defendants' cross-motion for summary judgment. Plaintiff's proposed corrections should be reasonable, without rewriting his deposition testimony. "While the language of Fed. R. Civ. P. 30(e) permits corrections 'in form or substance,' this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." Hambleton Bros. Lumber Co. v. Balkin Enters., 397 F.3d 1217, 1224–26 (9th Cir. 2005). The court will consider plaintiff's proposed corrections, together with defendants' submitted portions of the transcript, in evaluating the merits of the pending substantive motions.

B. Declaration and Exhibits of Defense Expert Witness Dr. M. Rajappa

In support of their cross-motion for summary judgment, defendants rely in part on the declaration and exhibits of their expert witness, psychiatrist Dr. M. Rajappa, M.D. (See Dkt. Nos. 110-9 through 110-11 (Exhs. A through Y).) Dr. Rajappa has been a staff psychiatrist with the California Department of Corrections and Rehabilitation ("CDCR") since 2002, and is currently employed as a psychiatrist at Folsom State Prison. (Dkt. No. 110-9 at 1.) Dr. Rajappa's declaration is based on his review of plaintiff's CDCR "Unified Health Records," which he attached as exhibits. Dr. Rajappa did not examine plaintiff and it appears that he is not otherwise familiar with plaintiff.

////

Plaintiff moves to strike Dr. Rajappa's declaration and exhibits, on the ground that they are "inadmissible," because Dr. Rajappa had "no contact with plaintiff," is allegedly "biased," and the exhibits are "unauthenticated." (Dkt. No. 115 at 4-5; Dkt. No. 124 at 6.)

The Federal Rules of Evidence authorize the opinion testimony of an expert witness who has the requisite "knowledge, skill, experience, training or education" to form a specialized opinion. Fed. R. Evid. 702. "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Fed. R. Evid. 703.

Plaintiff's objections to the declaration and exhibits of Dr. Rajappa must be overruled in light of these Federal Rules of Evidence. Dr. Rajappa's opinion is properly based on his review of plaintiff's medical records, without conducting an interview or examination of plaintiff. Dr. Rajappa's opinion, as defendants' expert witness, is, by its very nature, "biased" in favor of defendants. The apparent failure of Dr. Rajappa, or any other individual (e.g., a CDCR medical officer), to expressly authenticate plaintiff's medical records (see Fed. R. Evid. 901(b)(1) (testimony that documents are what they are claimed to be)) is not preclusive. Evidence may be authenticated by "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4); The court finds, for present purposes, that the records are sufficiently authenticated under Rule 901(b)(4) -- the records are clearly medical in nature, specific to plaintiff, with dates of entry by prison medical personnel that generally coincide with plaintiff's statement of facts.

For these reasons, plaintiff's motion to strike the declaration and exhibits of defendants' expert witness, Dr. Rajappa, is denied.

////
////
////

### C. Defendants' Declarations

Each of the seven defendants in this action[6] has filed a declaration in support of their cross-motion for summary judgment and in opposition to plaintiff's motion for partial summary judgment. (See Dkt. No. 110.) Plaintiff moves to strike the declaration of each defendant on the ground that each declaration is "self-serving and uncorroborated." (Dkt. No. 115 at 3.)

Plaintiff's motion is denied. The Federal Rules of Civil Procedure expressly authorize the submission of party declarations in support of, or opposition to, a summary judgment motion. See Fed. R. Civ. P. 56(c)(1)(A) (a party's factual assertion in support of, or opposition to, a motion for summary judgment, may be set forth in an affidavit or declaration). Moreover, as earlier noted, on summary judgment, evidence need not be in a form that is admissible at trial. Burch, 433 F. Supp.2d at 1118-24. Whether a party's declaration appears to be "self-serving and uncorroborated" must be determined by the court in the context of all undisputed and disputed facts. While the court does not address questions of credibility on summary judgment, see T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987); Nelson v. City of Davis, 571 F.3d 924, 927 (9th Cir. 2009), the court may conclude, nevertheless, that an asserted issue of fact is not genuine because premised on a declaration that is "uncorroborated and self-serving." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). However, such a determination can be made only upon the court's review of all the evidence.

Accordingly, plaintiff's motion to strike the declaration of each defendant is denied.

////

////

---

[6] This action is stayed as to the eighth defendant, Mr. Dennis, for medical reasons. (See Dkt. No. 105.)

9

II. <u>Plaintiff's Motion to Appoint Expert Witness</u>

Plaintiff moves for appointment of an independent expert witness, pursuant to Federal Rule of Evidence 706. Plaintiff asserts that he requires an "expert mental health doctor or professional to explain to the court and the jury the extent of plaintiff's mental health condition, problems, and suffering as a result of his inability to obtain mental health treatment." (Dkt. No. 120 at 3.) Plaintiff states that "appointment of a mental health expert that is fair and impartial [is required] to provide terminology related to his or her field of expertise regarding bipolar [disorder], symptoms of bipolar [disorder], and exhibitionism, and the long term effects of bipolar disorder." (Id. at 4.) Plaintiff notes that "[d]iagnosis of mental health symptoms are complex and there are scientific issues present in this case." (Id.)

Federal Rule of Evidence 706 authorizes the appointment of a neutral expert witness, with expenses shared by the parties. The appointment of an independent expert witness pursuant to Rule 706 is within the court's discretion, <u>Walker v. American Home Shield Long Term Disability Plan</u>, 180 F.3d 1065, 1071 (9th Cir. 1999), and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue. . . . ," <u>Ledford v. Sullivan</u>, 105 F.3d 354, 358-59 (7th Cir. 1997). However, the statute authorizing plaintiff's in forma pauperis status does not authorize the expenditure of public funds for expert witnesses. <u>See</u> 28 U.S.C. § 1915; <u>Tedder v. Odel</u>, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); <u>Boring v. Kozakiewicz</u>, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses). The federal courts have uniformly held that an indigent prisoner litigant must bear his own costs of litigation, including witnesses. <u>Tedder</u>, <u>supra</u>, 890 F.2d at 211 (in forma pauperis statute, 28 U.S.C. § 1915, does not authorize waiver of fees or expenses for an indigent's witnesses).

////

////

For these reasons, plaintiff's request for appointment of an independent medical expert, pursuant to Federal Rule of Evidence 706, is denied without prejudice.[7]

However, plaintiff's request is reasonably construed as a request for appointment of a medical expert on plaintiff's behalf. In contrast to the procedures under Federal Rule of Evidence 706, the expenses of an expert retained on behalf of a prisoner litigant may be recovered if preauthorized and arranged by counsel appointed by this court's Pro Bono Panel.[8] The court's preliminary review of Dr. Rajappa's declaration indicates that expert opinion will be required to address material issues in this case, particularly whether plaintiff was improperly denied mental health treatment through CDCR's Mental Health Services Delivery System ("MHSDS") program, including the alleged denial of appropriate medications, and the allegedly improper placement of plaintiff in administrative segregation. (See generally Dkt. No. 110-9 (Rajappa Decl.).) This assessment may depend largely on whether plaintiff's exhibitionist conduct is within his conscious control. (Id. at 7, ¶ 34.) Even Dr. Rajappa opines that plaintiff "appears to be a patient that is difficult to diagnose." (Id. at 9, ¶ 45.)

These are issues that cannot be resolved by this court, or a jury, without expert opinion.[9] This conclusion is buttressed by preliminary review of plaintiff's motion for partial summary judgment, wherein he concludes simply that "defendants [were] aware that plaintiff required different treatment than just sitting in front of them begging to be treated for his multiple symptoms. . . ." (Dkt. No. 93 at 24.) Therefore, for summary judgment purposes, in

---

[7] Plaintiff reminds the court that the undersigned denied plaintiff's prior request for appointment of an expert witness with expertise in the psychological effects of living in an institutional setting. (See Dkt. No. 55.) Plaintiff notes that the court denied plaintiff's motion without prejudice, stating that "this decision will not impact the court's later consideration whether to appoint a neutral psychological expert if so indicated." (Id. at 3.)

[8] See generally, the "Pro Bono Panel" information on this court's public website: http://www.caed.uscourts.gov/caed/staticOther/page_1668.htm).

[9] However, this is not to say that the court cannot ultimately decide the issues based upon the expert declaration of Dr. Rajappa.

order to determine whether there remain material factual disputes requiring trial, the court wants to provide the opportunity for submission of an expert medical/mental health assessment on plaintiff's behalf. For this reason, and for the reasons set forth below, the court will direct the appointment of pro bono counsel, who may choose to retain an expert mental health witness on plaintiff's behalf.

### III. Plaintiff's Motion to Appoint Counsel

In addition to requesting appointment of an expert witness, plaintiff requests appointment of counsel. (Dkt. No. 121.) Plaintiff asserts that this case presents "complex" and "scientific issues." (Id. at 1.) Plaintiff states that he has an eighth-grade education, and is currently diagnosed with "serious mental health illness which I have mood swings and my mental health deteriorates and is unpredictable that affects my daily life functions." (Sic.) (Id. at 1-2.) Plaintiff states that his lack of skill in the law is demonstrated by "a history of being denied in the district federal courts in California." (Id. at 3.)

Plaintiff previously requested appointment of counsel in the present action, which the court denied without prejudice, pursuant to a finding that this case failed to present the requisite "exceptional circumstances" warranting such appointment.[10] (See Dkt. Nos. 19, 20, 23, 24, 29.) The court now finds that plaintiff has met his burden of demonstrating exceptional circumstances warranting appointment of counsel. As discussed above, the opinion of a mental health expert on plaintiff's behalf may be beneficial to ensure the court's balanced assessment of the dispositive motions in this case, and such expert can reasonably be obtained only by

---

[10] Only in exceptional circumstances may the court request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Whether "exceptional circumstances" exist depends on the plaintiff's likelihood of success on the merits as well as plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not necessarily establish exceptional circumstances.

appointment of pro bono counsel. In addition, the court finds that plaintiff's limited education and legal skills, coupled with his asserted mental and mood disorders, significantly impair his ability to represent himself at this stage of the litigation, given the complex medical and legal issues presented. While the court is unable, at this time, to assess plaintiff's likelihood of success on the merits of his claims, it does not appear that plaintiff's claims are patently unmeritorious.

Accordingly, plaintiff's motion for appointment of counsel is granted.

IV. Plaintiff's Motion for Court Order Authorizing Prison Photocopying

Finally, plaintiff moves for an order of this court directing prison officials to photocopy plaintiff's opposition to defendants' cross-motion for summary judgment. (Dkt. No. 122.) This matter will become moot when appointed counsel assumes such costs, subject to pre-authorized reimbursement. Therefore, plaintiff's motion is denied without prejudice.

V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike defendants' evidence (Dkt. No. 115), is denied in its entirety.

2. Plaintiff's motion for a court order directing prison photocopying services (Dkt. No. 122), is denied without prejudice.

3. Plaintiff's motion for appointment of an independent expert witness (Dkt. No. 120), is denied.

4. Plaintiff's motion for appointment of counsel (Dkt. No. 121), is granted. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept this appointment, for the purpose of pursuing this action on plaintiff's behalf through summary judgment,[11] pretrial and trial, including potentially retaining a mental health expert on plaintiff's

---

[11] Upon leave of court, plaintiff's appointed counsel may file an amended motion for summary judgment on plaintiff's behalf (see plaintiff's pending motion for partial summary

13

Case 2:08-cv-02674-GEB-KJN   Document 125   Filed 10/25/12   Page 14 of 14

behalf.

5. All pending deadlines shall remain vacated pending further order of this court. However, when plaintiff, through counsel, files and serves his opposition to defendants' motion for summary judgment, he may include a declaration, signed by plaintiff under penalty of perjury, that identifies any portions of the transcript that plaintiff perceives are inaccurate; such declaration shall include an explanation for each identified inaccuracy;[12] plaintiff may, alternatively, inform the court that no changes to the transcript are needed.

SO ORDERED.

DATED: October 24, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

holl2674.evid.expert.cnsl.

---

judgment and request for judicial notice (Dkt. Nos. 93, 101)), or, if appropriate, withdraw plaintiff's pending motion. Counsel will, however, be required to file an opposition to defendants' cross-motion for summary judgment. (See Dkt. No. 110.)

[12] Plaintiff may independently submit the same information to Sarnoff, the court reporting company that transcribed plaintiff's deposition, and request that his transcript be re-certified subject to plaintiff's corrections. However, the court has no authority over Sarnoff's response.

14